UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LAWRENCE GOETZ,**

    **Plaintiff,**

v.                                                      Case No. 8:06-CV-910-T-EAJ

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security,**

    **Defendant.**
_____ /

## **FINAL ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") payments under the Act.[2]

The undersigned reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 15).

applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, a court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citation omitted).[3]

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff alleges that he became disabled on January 7, 2000 due to "leg pain, memory problems, diabetes, weight loss, back problems, pain in hands, headaches, and depression" (T 66) Plaintiff filed an application for DIB on December 10, 2002 and SSI on November 4, 2002. (T 16, 48, 341) His application was denied initially and after reconsideration. The ALJ held an administrative hearing on April 7, 2005. (T 381A-413) The ALJ denied benefits to Plaintiff in a decision dated October 27, 2005. (T 13-28) The Appeals Council denied Plaintiff's request for review on April 13, 2006, allowing the ALJ's decision to stand. (T 4-6) Plaintiff filed a timely petition for judicial review of the Commissioner's decision after exhausting all administrative

---

[3] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

remedies. The Commissioner's decision is ripe for review under the Act.

At the time of the hearing, Plaintiff was fifty-three years old and had a tenth-grade education. (T 16, 387). His past work experience includes work as a sign maker. (T 16, 58) To determine if Plaintiff was disabled, the ALJ performed a five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity after the onset of his alleged disability on January 7, 2000. (T 16, 26) Second, after examining the medical evidence, the ALJ found that Plaintiff suffered from "diabetes, polyneuropathy, alcoholic pancreatitis, alcoholic hepatitis and chronic low back pain," which constitute severe impairments although the ALJ noted that Plaintiff would be disabled if his drug addiction/alcoholism could be considered. (T 21-22) The ALJ decided that Plaintiff's "cyst, hiatal hernia, gastritis, esophagitis, THC abuse, opiate abuse, cardiac abnormalities, and depression" were not severe impairments, determining that these impairments, either singly or in combination, do not meet or medically equal an impairment listed in the Listings of Impairments. (Id.)

Finding that Plaintiff has the residual functional capacity ("RFC") to perform the exertion associated with a limited range of light work requiring limited pushing/ pulling from the lower body, climbing, balancing, kneeling, crouching, crawling, and stooping, and no use of foot controls, the ALJ found that Plaintiff cannot perform his past relevant work as a sign maker. (T 24)

In the fifth step, the burden is on the Commissioner to show that a significant number of other jobs exist in the national economy that Plaintiff can perform consistent with his work experience, age, education, and RFC. Relying on the testimony of a vocational expert, the ALJ found that Plaintiff has transferrable skills, that there are at least four jobs in the national economy fitting Plaintiff's profile (surveillance monitor, telephone solicitor, ticket seller and parking lot attendant) and that

Plaintiff could obtain a job and make a successful adjustment to it based on her prior work experience, RFC, age, and education. (T 25–26, 409–10)  Accordingly, the ALJ found that Plaintiff is not disabled as defined by the Act. (T 27)

The medical evidence was summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## II.

Plaintiff argues that the Commissioner erred by (1) substituting his opinion for the medical expert's regarding Plaintiff's ability to stand or walk and (2) posing an incomplete hypothetical to the vocational expert.

**A.**   Plaintiff claims that the ALJ improperly replaced the non-treating consultative physician's opinion with his own opinion.  The Commissioner asserts that the ALJ properly discredited parts of the consulting physician's opinion that were inconsistent with the medical evidence.

A Commissioner may not substitute his own opinion as to the claimant's condition for that of medical experts.  Graham v. Bowen, 786 F.2d 1113, 1115 (11th Cir. 1986) (citations omitted) (holding that the Commissioner substituted his opinion for that of the medical expert when he determined the plaintiff appeared somewhat handicapped); Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982) (finding that the Commissioner improperly determined the claimant's condition based on his own observations of the claimant's physical condition).

Dr. Saleh also completed a Medical Source Statement of Ability to do Work-Related Activities (Physical), in which he opined that Plaintiff could occasionally and frequently lift and carry up to twenty-five (25) pounds; could occasionally balance, knee, crouch, crawl, and stoop; could sit, push, pull, reach, handle, finger, feel, see, hear, and speak without limitation; but could stand and

walk for less than two hours in an eight hour workday. (T 337-40)

The ALJ properly discredited portions of the consulting physician's opinion after determining that it was not supported by the consulting physician's findings.[4] Although the consulting physician determined that Plaintiff could not stand or walk for more than two hours during an eight hour day, he failed to provide any support for this determination as required by the form. (T 335–40) Moreover, the consulting physician's conclusion as to Plaintiff's ability to stand and/or walk is unsupported by the physician's findings, which were primarily within a normal range. (T 335) Specifically, Dr. Saleh determined that Plaintiff's hip motion range was normal, lumbar-spine motion range was 80 percent of normal, and his straight-leg test was normal. (Id.) He also found that Plaintiff suffered from "no atrophy, fasciculation, rigidity or spasm." (Id.) Although Plaintiff maintained difficulty standing from heel to toe, Dr. Saleh determined his motor strength was normal. (Id.) Thus, the ALJ properly determined the consulting physician's determination regarding Plaintiff's ability to stand and/or walk was inconsistent with the consulting physician's findings.

The consulting physician's determination as to Plaintiff's ability to stand and/or walk was also inconsistent with the medical evidence. During a cardiac consultation, Soma N. Pulipati, M.D. ("Dr. Pulipati") found that Plaintiff suffered from no cardiac impairment. (T 266)  A physical exam by Khin Win, M.D. ("Dr. Win") revealed no obvious deformities, swelling, pain, heat, redness, or tenderness of any major joint, good peripheral pulses, normal lower extremity motor strength,

---

[4] Generally, a treating physician's opinion is entitled to considerable weight unless there is good cause to reject that opinion. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982) (citations omitted). A one-time examiner's opinion does not require the same type of deference as a treating physician's opinion. McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (citation omitted). A physician's opinion may be disregarded if it is unsupported by objective medical evidence. Johns v. Bowen, 821 F.2d 551, 555 (11th Cir. 1987) (citations omitted); but see D'Angelo v. Comm'r of Soc. Sec., 475 F. Supp. 2d 716, 723 (W.D. Mich. 2007) (finding that the ALJ improperly rejected a consulting physician's opinion supported by substantial evidence).

negative straight leg raising, normal gait without use of an assistive apparatus, no evidence of paravertebral muscle spasm, no difficulty getting on or off the examining table, ability to walk and hop but mild imbalance on standing on toes or heels. (T 271)  Additionally, Plaintiff testified at the hearing that he took only medication for his diabetes, (T 394), and had not visited a physician within the last one and one-half to two years. (T 400)  Thus, the ALJ properly determined that the medical evidence did not support the consulting physician's opinion that Plaintiff was limited to standing and walking less than two hours.

The ALJ was not required to re-contact the consulting physician because the ALJ had sufficient evidence to determine that the claimant was not disabled. See 20 C.F.R. §§ 404.1512(e), 416.912(e) (requiring that medical sources be re-contacted when evidence is insufficient to determine whether the claimant is disabled).  Although the consulting physician's determinations were inconsistent with the rest of the record, they did not constitute an inadequacy that prevented the ALJ from assessing Plaintiff's disability claim. See Grant v. Richardson, 445 F.2d 656, 656 (5th Cir. 1971) (citations omitted) (finding the Commissioner's resolution of conflicting evidence will not be overturned if supported by substantial evidence).

In this case, the ALJ based his determination that Plaintiff was not disabled on substantial evidence in the record, not on his own observations of Plaintiff's physical condition. Accordingly, the ALJ properly assessed whether claimant was disabled within the meaning of the Act. The ALJ properly determined that the consulting physician's opinion regarding Plaintiff's walking and standing limitations was unsupported by the record as a whole.

**B.**     Plaintiff argues that the Commissioner erred by posing an incomplete hypothetical question to the vocational expert that did not include Plaintiff's standing and walking limitations.

The Commissioner responds that the ALJ was not required to include limitations that the ALJ determined were not supported by the objective medical evidence.

Once a claimant satisfies his initial burden of showing that he cannot do past work, the testimony of a vocational expert is generally required to determine whether the claimant's residual functional capacity permits him to perform other work. Chester v. Bowen, 792 F.2d 129, 131–32 (11th Cir. 1986) (citation omitted). The Commissioner may use this vocational testimony to show that there are other jobs in the national economy which the plaintiff can perform. Id. In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000) (citing McSwain, 814 F.2d at 619-20). The ALJ is required to include only those restrictions he recognizes in the hypothetical question to the vocational expert. See Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994) (citation omitted).

In this instance, the ALJ relied on the testimony of a vocational expert, Carl Schultz, to establish that Plaintiff could perform his past relevant work as a sign maker or other jobs in the national economy. (T 407–10) The ALJ asked the vocational expert the following hypothetical question:

> [Let us] assume a hypothetical person of Claimant's age, education, and work history. [Let us] further assume that person has a residual functional capacity for a limited range of light exertional work. Would the additional limitations of no more than occasional pushing, pulling with the lower extremities; no operation of foot pedals; and no more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling. If we assume those limitations, could such an individual do any of the Claimant's past relevant work?

(T 408–09) The vocational expert responded that Plaintiff could not perform any past relevant work given those limitations. (T 409) The ALJ then asked the vocational expert whether claimant could perform any other jobs in the economy. (Id.) The vocational expert responded affirmatively stating

that Plaintiff could pursue employment as a surveillance monitor, telephone solicitor, ticket seller, or parking lot attendant (boothed-in type). (T 409-10)

The ALJ's hypothetical to the vocational expert encompassed the limitations which the ALJ recognized. See Bowling, 36 F.3d at 436. The ALJ properly disregarded Plaintiff's standing and/or walking limitations for reasons discussed above. Therefore, Plaintiff has not shown any error in the vocational expert's testimony upon which the ALJ relied in determining that there were jobs in the national economy which Plaintiff could perform.

### III.

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED** that:

(1)  the decision of the Commissioner is **AFFIRMED** and this case is **DISMISSED**, with each party to bear its own costs and expenses; and

(2)  the Clerk of Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**DONE AND ORDERED** in Tampa, Florida on this 27th day of August, 2007.

_____
ELIZABETH A JENKINS
United States Magistrate Judge